IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                        Case Nos.   3:92cr03057/LAC
                                                                                   3:10cv484/LAC/EMT
CASWELL A. CRAWFORD

---

### REPORT AND RECOMMENDATION

This matter came before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc.100) and supplemental memorandum (doc. 108). The government filed a response (doc. 109), and Defendant filed a reply (doc. 111). The matter was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon review of the file, it became clear that the motion served on the Government was not the same motion that was contained in the court's electronic docket, as it included a memorandum of law. Because the court had retained a hard copy of this pleading, the clerk was directed to docket the motion and memorandum that had been served on the Government as a single "amended motion" to ensure that the electronic docket completely and accurately reflected Defendant's submissions (*see* doc. 112). Because the Government had already responded to the proper version of Defendant's motion, no additional action was required of the parties. Thus, the motion actually pending before the court is the amended motion to vacate (doc. 113). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied and dismissed.

**BACKGROUND**

Defendant Caswell Crawford is currently serving a 420-month sentence following a guilty plea to a charge of conspiracy to possess with intent to distribute cocaine base in October of 1993. Defendant has previously filed at least two motions pursuant to 28 U.S.C. § 2255, one in 1997 and one in 2001 (*see* docs. 71, 79). Each motion was denied, and the second motion was denied as untimely and successive (*see* docs. 78, 85, 86). Defendant's appeal of the latter motion was dismissed in 2002 (doc. 97), and he filed the instant motion to vacate in November of 2010. In the current motion, Defendant contends that his sentence is unlawful because he is neither a career offender nor an armed career offender under the recent Supreme Court case of United States v. Johnson, 130 S. Ct. 1265 (2010), and thus that he is "actually innocent" of his sentence. He asserts that his motion is timely, as it was filed within one year of Johnson, and it is properly before the court as Johnson is "retroactively applicable." In the alternative, he urges the court to recharacterize his motion into any kind of habeas petition that the court is willing to accept and rule upon (doc. 113, memo at 2–3). Finally, he contends that his motion was filed within a reasonable time from the August 3, 2010 passage of the Fair Sentencing Act Bill, and that he should be resentenced in accordance with that Act (doc. 113, memo at 5–6). In his supplemental memorandum, Defendant provides additional argument that he is not a career offender and he is actually innocent of career offender status, and he asks that the court take into account his rehabilitation and achievements upon re-sentencing (doc. 108).

**LEGAL ANALYSIS**

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; Thomas v. Crosby, 371 F.3d 782, 811 (11th Cir. 2004); United States v. Phillips, 225 F.3d 1198, 1199 (11th Cir. 2000). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations

omitted). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

In addition to substantive limitations, there are procedural limitations on § 2255 motions as well. For instance, a Defendant may not file repeated motions to vacate. Before a second or successive application for § 2255 relief is filed in the district court, Defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255; Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 Fed. Appx. 409 (11th Cir. 2010). Failure to do this deprives the district court of jurisdiction to consider his motion. As the Government notes, almost in passing, the instant motion is successive, and thus subject to dismissal on that basis alone. Defendant's assertion that he "does not recall" filing a § 2255 motion before (doc. 111 at 4) is disingenuous. In any event, the court may take judicial notice of its own files, which reflect that the prior motions were filed, and denied, as reflected above.

Title 28 U.S.C. § 2255 also imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f). Defendant asserts that his claim is timely under either 28 U.S.C. § 2255(f)(3) or (4). The Government notes that even if the motion is considered timely filed because Defendant

filed it within one year from the March 2, 2010, Johnson decision, Defendant's argument fails on the merits.

In United States v. Johnson, 130 S. Ct. 1265 (2010), the case that apparently provided the sole impetus for this motion, the Court was called upon to determine whether a Florida felony battery conviction was a crime of violence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). After an examination of Florida case law it found that the conviction was not properly considered a predicate offense for "violent career criminal" sentencing. 130 S. Ct. at 1269–70, 1271. Defendant maintains that the Supreme Court's reliance on the state courts' determination of elements of their own criminal statutes is important here. He argues that chapter 893 Florida Statutes, which prohibits the sale, purchase, manufacture or delivery of drugs, criminalizes conduct that is not encompassed within the definition of a controlled substance offense under section 4B1.2 of the guidelines (doc. 108 at 3). Therefore, a conviction under chapter 893 Florida Statutes would not qualify as a predicate conviction for purposes of the ACCA. Regardless of what other criminal conduct may be proscribed by chapter 893, the record is abundantly clear that Defendant was convicted of the **sale** of marijuana (PSR ¶ 27). The distribution or dispensing of a controlled substance is expressly encompassed within the definition of a "controlled substance offense" in § 4B1.2(b), and use of this conviction to support a §4B1.1 enhancement was in no way improper.

The other qualifying offenses were convictions for robbery with a deadly weapon, second degree murder, and shooting into an occupied vehicle (PSR ¶ 31). Defendant did not challenge the consideration of these offenses in his initial motion. In his reply, however, he argues for the first time that although he had pleaded guilty to the second degree murder offense, he had been neither adjudicated nor sentenced at the time of sentencing in this case, and therefore this conviction should not have been considered with respect to his career offender status. Even if this claim is not barred for his failure to raise it in his initial motion,[1] Defendant is legally mistaken. As explained in § 74

---

[1] This is not the only claim that Defendant attempts to raise for the first time in his reply. He also asserts an ineffective assistance of counsel claim, maintaining that counsel was constitutionally ineffective for his failure to file an appeal and for his generally ineffective representation (doc. 111 at 2–3). Defendant's ineffective assistance of counsel claim is clearly untimely and procedurally barred as it could have been raised in his first § 2255 motion, filed in 1997. Furthermore, a claim that counsel was ineffective for his failure to predict a change in the law

of the PSR, § 4A1.2(a)(4) of the guidelines provides that where a defendant has been convicted of an offense, but not yet sentenced, the conviction shall be counted as if it were a prior sentence, if a sentence resulting from the conviction in question would otherwise be countable.  "Convicted of an offense" is specifically explained as meaning when the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere. § 4A1.2(a)(4).  There is no requirement that the Defendant have been sentenced.  Therefore, the fact that Defendant had pleaded guilty, but had not yet been sentenced, did not preclude the court from considering those offenses with respect to the career offender determination.

Finally, Defendant contends that he is entitled to re-sentencing pursuant to the Fair Sentencing Act of 2010.  The Government argues that the Act is not retroactive and does not afford Defendant any relief, citing United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010).  However, after the Government filed its response, the United States Sentencing Commission voted to give retroactive effect to Amendment 750, a proposed amendment to the federal sentencing guidelines that implements the Fair Sentencing Act and reduces the sentencing guideline ranges for certain federal crack cocaine offenders.  Even absent contrary congressional action, retroactivity of Amendment 750 will not become effective until November 1, 2011.  This court is mindful of Defendant's request that this court  recharacterize his motion into any kind of habeas petition that the court is willing to accept and rule upon (doc. 113, memo at 2–3).  However, because Amendment 750 has not taken effect, it would be premature to recharacterize Defendant's § 2255 motion.  Although § 2255 relief is not available to him, if Amendment 750 ultimately does take effect, Defendant may then choose to file an appropriate motion to avail himself of relief to which he may potentially be entitled.

---

does not entitle him to relief.  *See* Marquard v. Secretary, Dept. Of Corrections, 429 F.3d 1278 (11th Cir. 2005) (*citing* Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994)).  In fact, there is a "wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel." United States v. Ardley, 273 F.3d 991, 993 (11th Cir. 2001) (citations omitted).

Case Nos: 3:92cr3057/LAC; 3:10cv484/LAC/EMT

## Certificate of Appealability

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  That the amended motion to vacate, set aside, or correct sentence (doc. 113) be **DENIED** and **DISMISSED**.

2.  That a certificate of appealability be **DENIED.**

At Pensacola, Florida, this 12th day of August 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case Nos: 3:92cr3057/LAC; 3:10cv484/LAC/EMT