UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.   Case Nos.:   3:92cr3057/LAC/CJK
                 3:17cv170/LAC/CJK

CASWELL A. CRAWFORD

_____/

REPORT AND RECOMMENDATION

This matter is before the court on Defendant's "Motion to Vacate and Correct Sentence Under 28 U.S.C. § 2255(f)(3)." (ECF No. 145). Defendant has not filed his motion on the proper court form or provided the necessary service copy. Nevertheless, Rule 4(b) of these rules provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

BACKGROUND and ANALYSIS

Defendant Caswell A. Crawford entered a guilty plea to conspiracy to possess with intent to distribute cocaine base and was sentenced to a term of 420 months

imprisonment in October 1993. The conviction and sentence were affirmed on appeal, and a petition for a writ of certiorari to the United States Supreme Court was denied on January 12, 1996. Over a period of two decades, Defendant has previously filed at least three motions under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, one in 1997, one in 2001, and one in 2010. (*See* ECF Nos. 71, 79, 113). Each of these motions was denied. (*See* ECF Nos. 78, 85, 86, 116, 117).

In this latest motion, Defendant seeks sentencing relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 145). Before a second or successive application for § 2255 relief is filed in the district court, a defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion. Therefore, the instant motion to vacate must be dismissed, because the district court may not consider Defendant's successive § 2255 motion without proper authorization.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must

Case Nos.: 3:92cr3057/LAC/CJK; 3:17cv170/LAC/CJK

state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's "Motion to Vacate and Correct Sentence Under 28 U.S.C. § 2255(f)(3)" (ECF No. 145) be **SUMMARILY DISMISSED**.

2. A certificate of appealability be **DENIED**.

Case Nos.:  3:92cr3057/LAC/CJK; 3:17cv170/LAC/CJK

At Pensacola, Florida, this 17th day of March, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.:  3:92cr3057/LAC/CJK; 3:17cv170/LAC/CJK